UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD J.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C23-5887-BAT

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding that as of February 1, 2021 he is not disabled. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.**    **Medical Evidence**

Plaintiff first contends the ALJ misevaluated the medical evidence. He argues on October 1, 2021, Huanyi Li, ARNP performed a psychiatric examination and diagnosed Plaintiff with unspecified depression disorder, ADHD and alcohol use disorder in remission. Dkt. 10. At 3. Ms. Liu noted Plaintiff was emotionally intense and started crying in the middle of the evaluation, showed tangential speech, jumped from topic to topic and needed redirection of topics for the

ORDER REMANDING FOR FURTHER PROCEEDINGS - 1

evaluation that the only medical opinion but concluded Plaintiff did not have mental functional limitations.

Plaintiff argues the ALJ erroneously found Ms. Liu's opinion persuasive because her opinion lacks supportability and is inconsistent with Plaintiff's treatment records. *Id* at 4. Plaintiff provides no cogent explanation as to why the ALJ erred. Plaintiff has the burden of proving harmful error and his conclusory statements fall far short of meeting this burden. Indeed, Plaintiff makes his conclusory statement despite the fact Ms. Liu noted Plaintiff's social functioning was within norms (has a significant other; used to go to AA meeting until Covid, has good ability to get along with others, Tr. 939); (is independent in all areas of activities of daily living, Tr. 940); (appeared alert, oriented and disoriented, no distress, calm, good eye-contact, normal speech but rapid and pressured, normal emotional range, normal thought process, no difficulty with attention or concentration, normal insight. Tr. 94-41); and (mainly normal intellectual functioning, Tr. 941). Plaintiff also ignores Ms. Lui's opinion that his prognosis is good and his conditions "are fairly treatable with medication management and psychotherapy. The diagnoses mentioned above mildly interfere with quality of life and function at this time." Tr. 942.

In short, Ms. Lui diagnosed Plaintiff with mental health conditions, stated they were treatable with medications and therapy, and opined they would mildly affect his quality of life and function. Plaintiff's conclusory statement that Ms. Lui's opinion is not supported by her own treatment notes thus fails. Ms. Lui examined Plaintiff, administered a mental status examination, made notes about Plaintiff's statements and his behavior during examination and concluded that he is limited but not as limited as Plaintiff contends. The Court according rejects Plaintiff's claim that Ms. Lui's opinions are unsupported.

ORDER REMANDING FOR FURTHER PROCEEDINGS - 2

Plaintiff also argues Ms. Liu's opinion is inconsistent with his treatment records. In support, Plaintiff lists treatment records regarding Plaintiff's physical impairments. These records do not contradict Ms. Liu's opinion which focused on Plaintiff's psychological or mental limitations.

Plaintiff also lists treatment records regarding his psychological condition. These records also do not contradict Ms. Liu's opinions. Plaintiff indicates in February 2022, Dr. McBride noted Plaintiff realizes his focus and attention are reduced due to ADHD when does not take his ADHD medication, Adderall. *Id.* at 4. Dr. McBride diagnosed Plaintiff in June 2022 with depressive disorder and chronic pain.  Id at 6. In September 2022, Dr. McBride noted Plaintiff's ADHD symptoms recently worsened so Plaintiff restarted Adderall. *Id.* at 6. In August 2020, Dr. Stanschor opined Plaintiff's mental functional abilities were adequate. In September and October 2021, Elizabeth Allen, LICSW observed Plaintiff was tense, depressed, anxious, tearful, hyperverbal and had fast speech. *Id.* at 5.

None of the psychological records that Plaintiff lists contain a functional assessment that contradicts Ms. Liu's opinions, and Plaintiff admits as much by acknowledging Ms. Lui's opinion is the only psychological assessment of Plaintiff's functional abilities that was performed during the time period at issue, i.e., after January 31, 2021 when the ALJ found Plaintiff no longer disabled. The Court accordingly rejects Plaintiff's argument that Ms. Lui's opinion is inconsistent with Plaintiff's other mental health records.

Plaintiff also argues the ALJ misevaluated the medical evidence. His argument consists of short statements about notes from Plaintiff's medical providers. As Plaintiff concedes, none of these records assess Plaintiff's functioning, other than Ms. Lui's report as discussed above. Other than contending the ALJ erroneously gave Ms. Lui's opinions weight, Plaintiff fails to detail how

and why the ALJ erred in evaluating the medical evidence. Plaintiff thus fails to establish error and the Court according affirms the ALJ's assessment of the medical evidence.

The Court notes Plaintiff states the medical evidence "is consistent with [Plaintiff's] testimony but this statement does not show the ALJ misevaluated the medical evidence. The Court also notes Plaintiff claims overall evidence shows he cannot perform work as the ALJ found and the "ALJ's failure to properly evaluate all the medical evidence is harmful error." Dkt. 10 at 7. This is a conclusory statement and the Court declines to do counsel's work and attempt to argue for Plaintiff why the ALJ's decision should be reversed.

B.      Plaintiff's Testimony

Plaintiff contends the ALJ erroneously rejected his testimony as inconsistent with the medical evidence when "none of the limited medical evidence since February 2021" contradicts his testimony. Dkt.10 at 8. Plaintiff presents nothing showing why this conclusory statement is accurate and thus fails to meet his burden to show harmful error. He does not contest the ALJ's findings that in February and April 2021 Plaintiff was examined and presented with no acute distress regarding his hip replacement and hip problems, Tr. 47; Plaintiff's PSA antigen level was normal by December 2021[1].; and Dr. Staley's opinion that Plaintiff can perform light work is persuasive, *Id.* The Court finds Plaintiff fails to show the ALJ erred in finding Plaintiff's testimony is inconsistent with the medical record and affirms the ALJ in this regard.

The ALJ also discounted Plaintiff's testimony as inconsistent with his activities of daily living and evidence Plaintiff can perform light work. The ALJ found Plaintiff's ability to live independently, cook meals, do laundry, drive, mow the lawn for short periods of time, shop and

---

[1] Plaintiff also fails to explain why the "new" evidence he submitted showing an increase in PSA level would alter the determinations the ALJ made.

ORDER REMANDING FOR FURTHER PROCEEDINGS - 4

go to the library supports the determination Plaintiff can do light work. Tr. 47. Plaintiff argues these activities are not transferrable to the workplace and he should not be penalized for trying to live a normal life. The Court, however, cannot say the ALJ was unreasonable in finding Plaintiff's activities evidence the ability to do light work (contrary to Plaintiff's claims) and thus cannot say the ALJ erred in finding the activities tended to contradict Plaintiff's claim he is disabled and unable to work.

Plaintiff challenges other reasons the ALJ mentioned in discounting his testimony. The Court need not address these additional challenges because even if the ALJ erred, the error is harmless as the ALJ provided at least one valid reason supported by substantial evidence to discount Plaintiff's testimony.

      C.      **Lay Testimony**

Plaintiff contends the ALJ erred by rejecting the testimony that his mother and wife provided testimony without providing any reason or rationale. Dkt. 10 at 14-16. The ALJ's treatment of the lay testimony consists of the following statement: "while the regulations require the undersigned to consider all evidence including statements from nonmedical sources, they do not require the decision to articulate how such statements were considered." Tr. 44.

The Commissioner argues the ALJ is not required to provide "any analysis of the lay testimony, "and any error the ALJ may have committed is harmless because the ALJ "credited more reliable medical opinions from Dr. Staley who determined Plaintiff's limitations were not as severe as Plaintiff's mother described." Dkt. 12 at 9-10.

The Court rejects the argument the ALJ need not articulate their consideration of the lay witness testimony. An ALJ is required to determine RFC based upon all relevant evidence of record; this includes observations made by a claimant's family, neighbors, friends, or other

ORDER REMANDING FOR FURTHER PROCEEDINGS - 5

1  person. *See* 20 C.F.R §§ 404.1454(a)(1), 404.1545(a)(3). That an ALJ can reject relevant lay

2  witness evidence without any reason is inconsistent with the Commissioner's obligation to

3  consider such evidence, and the rule the ALJ must provide some rationale in order for the Court

4  to meaningfully determine whether the ALJ's conclusions are free of legal error and supported

5  by substantial evidence. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

6        The Court also rejects the Commissioner's *post hoc* argument the ALJ properly rejected

7  Plaintiff's mother's testimony as inconsistent with Dr. Stely's opinion. The ALJ made no such

8  finding, and the Court declines to adopt the Commissioner's argument as the ALJ's finding when

9  the ALJ made no such finding. The Court also notes the Commissioner does not raise this *post*

10  *hoc* argument as a reason to support the ALJ's rejection of Plaintiff's wife's testimony.

## CONCLUSION

12        The Court **REVERSES**, the Commissioner's final decision and **REMANDS** this case for

13  further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Plaintiff argues the

14  Court should award benefits. However, further proceedings are necessary because the ALJ failed

15  to articulate his rationale regarding what weight the lay testimony should be given. This

16  determination is reserved to the ALJ, and one the Court declines to make in the first instance on

17  appeal.

18        The Court affirms the ALJ's assessment of the medical opinions of record and Plaintiff's

19  testimony and thus does not disturb those findings. On remand, the ALJ shall reassess the lay

20  testimony and articulate a sufficient basis and rationale for the assessment; expand the record and

21  redetermine residual functional capacity only as necessary and proceed to the remaining steps as

22  needed.

23

DATED this 12th day of March 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REMANDING FOR FURTHER PROCEEDINGS - 7